IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


RANDY J. DYKE,

                Plaintiff

Vs.                                            No. 04-4089-SAC

BURL MALEY,

                Defendant

MEMORANDUM AND ORDER

       This case comes before the court on an order for the pro se plaintiff to show cause why this case should not be dismissed due to plaintiff's failure to appear for the final pretrial conference in the case, which was set for January 14, 2005. *See* Fed. R. Civ. P. 16(f) (providing the judge, upon his own initiative, may make such orders as are just with regard to a party's failure to appear at a pretrial conference.) No response has been received to the show cause order, which was sent not only to the address plaintiff supplied to the court in November of 2004, but also to other addresses provided by plaintiff during discovery, which the court received at the attempted final pretrial conference.

It is within this court's discretion to dismiss this case for plaintiff's failure to prosecute it.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002); *see also* Fed.R.Civ.P. 41(b) (stating that district court may dismiss an action with prejudice if the plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court."). *Williamson v. Owners Resort & Exchange,* 90 Fed.Appx. 342, 345, 2004 WL 370977, *2 (10th Cir. 2004).

Plaintiff's failure is not excused by his status as a pro se litigant. Even though [plaintiff,] as a pro se litigant, is held to a less stringent standard than a licensed attorney, he must nevertheless follow the same rules of procedure governing other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992), *cert. denied*, 507 U.S. 940 (1993). *Zenati v. Echostar, Inc*., 203 F.3d 837, 2000 WL 43719, *1 (10th Cir. 2000).

Because plaintiff has failed to show any reasons why this case should not be dismissed, and because plaintiff's non-response to the court's show cause order indicates his continuing failure to prosecute the case, it shall be dismissed.

IT IS THEREFORE ORDERED that this case is dismissed without prejudice.

Dated this 24th day of February, 2005, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge